# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**In the Matter of the Search of:**

**3765 Kettle Court East,
Delafield, Wisconsin**

Case No. 09-M-25

# ORDER

On February 17, 2009, this court issued a warrant authorizing law enforcement to search the business premises of New Age Chemical, located at 3765 Kettle Court East, Delafield, Wisconsin. (Docket No. 2.) This search warrant was executed on February 19, 2009. (Docket No. 2.) The executed warrant and an inventory of the items seized were returned to this court on February 25, 2009. (Docket No. 2.) The same day, this court issued an order sealing for six months the inventory and the affidavit filed in support of the search warrant. (Docket No. 3.)

Subsequently, three individuals, James Arthur Stuart, Jr. ("Stuart"), Joseph David Merkel ("Merkel"), and Michael Charles Dobson ("Dobson"), filed various motions and documents through which they ultimately seek the return of the property seized by law enforcement pursuant to the search warrant. (See Docket Nos. 4, 5, 7, 12, 13, 14, 15, 17, 18.) Further, Stuart has filed a request that his motions be heard by a district judge. (Docket No. 8.)

The court shall first address Stuart's request that this matter be heard before a district judge. Although Stuart contends that his motion should be regarded as a "demand" for the return of the property, (Docket No. 13), nonetheless, it is properly construed as a request coming under Federal Rule of Criminal Procedure 41(g), which was formerly Rule 41(e). Rule 41(g) states:

> Motion to Return Property. A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The

motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

This court has repeatedly held that a magistrate judge is empowered to resolve such motions for the return of property. See In the Matter of the Search of 4330 North 35th Street, Milwaukee, Wisconsin, 142 F.R.D. 161 (E.D. Wis. 1992); In Re the Matter of: Property Seized from ICS Cutting Tools, Inc., 163 F.R.D. 292 (E.D. Wis. 1995). Rule 41(g) refers to "[t]he court," and not, as it could, to "a district judge." Although a magistrate judge is a "subordinate judicial officer of the district court," 4330 North 35th Street, 142 F.R.D. at 165 (quoting Kent Sinclair Jr., *Practice Before Federal Magistrates*, § 2.01 at 2-1, 2-2), and thus there are certain limits upon the authority of magistrate judge, id.; see also, e.g., 28 U.S.C. § 636(a) and (b); Fed. R. Civ. P. 72, 73; Fed. R. Crim. P. 59; General L.R. 72.1, 72.2, this limited jurisdiction includes resolving motions for return of property under Rule 41(g). 4330 North 35th Street, 142 F.R.D. at 165-66.

Although some courts regard a motion for the return of property under Rule 41(g) to be an independent civil complaint when no related criminal proceeding is pending, see In re Scranton Housing Authority, 487 F. Supp. 2d 530, 533 (M.D. Pa. 2007) (citing In re Search of S & S Custom Cycle Shop, 372 F. Supp. 2d 1048, 1050 (S.D. Ohio 2003); Purcell v. United States, 908 F.2d 434, 437 (9th Cir. 1990); White Fabricating Co. v. United States, 903 F.2d 404, 407-08 (6th Cir. 1990); United States v. Bein, 214 F.3d 408, 411 (3d Cir. 2000)), this position has been rejected in this district, 4330 North 35th Street, 142 F.R.D. at 164. When there is no pending related criminal proceeding, a Rule 41(g) motion is brought under the magistrate judge case number that relates to the underlying search warrant.

It is undisputed that a magistrate judge is empowered to issue search warrants. See Fed. R Crim. P. 41(d)-(e). Congress has vested the awesome authority of authorizing the search and seizure of property with a magistrate judge, and thus it would appear axiomatic that a magistrate judge

2

would likewise be vested "with the seemingly lesser authority to return that property." See In re Scranton Hous. Auth., 436 F. Supp. 2d 714, 721 (M.D. Pa. 2006). Because the case related to the underlying search warrant is assigned to this court, it is this court's responsibility to resolve subsequent motions relating to that search warrant, at least until a related criminal proceeding is initiated. Accordingly, Stuart's motion to reassign this case to an Article III judge, (Docket No. 8), shall be denied.

Therefore, the court now turns to the merits of the claimants' motions for the return of seized property. When a court is faced with a motion for a return of property under Rule 41(g), the standard guiding the court's decision is one of reasonableness under all the circumstances. See Notes of Advisory Committee on 1989 amendments. "If the United States has a need for the property in an investigation or prosecution, its retention of the property generally is reasonable. But, if the United States' legitimate interests can be satisfied even if the property is returned, continued retention of the property would become unreasonable." Id.

In substantively identical motions, Stuart, Merkel, and Dobson, set forth various contentions as to why they believe they are entitled to the return of property seized by law enforcement on February 19, 2009, including allegations that law enforcement did not produce a warrant, and various arguments that the federal government and the Internal Revenue Service do not have jurisdiction over them. (Docket Nos. 4, 5.) The court will first address the jurisdictional objections.

The claimants are apparently proceeding under the belief that it is possible to evade the jurisdiction of the United States, including the jurisdiction of the Internal Revenue Service ("IRS"), through the drafting and execution of certain documents. The court finds these contentions misguided and meritless. As it is relevant to the issue presently before this court, i.e. whether this court possessed jurisdiction to issue the warrant to search the target premises, Federal Rule 41(b)(1) empowers this court to issue search warrant for any property within this district. Delafield is located

3

in Waukesha County and Waukesha County is located in the Eastern District of Wisconsin. See 28 U.S.C. § 130(a).

To the extent that the claimants may be contending that the affidavit in support of the search warrant failed to establish probable cause, the court rejects this contention. The affidavit remains under seal, and therefore its details shall not be recounted here, but suffice it to say that the affidavit speaks for itself and readily establishes that probable cause exists to believe that evidence of a crime might be found in the target location. Further, the court finds no procedural deficiencies in the search warrant. The affiant swore to the contents of the face sheet of the search warrant and the attached affidavit before this court, and the search warrant bears the signature of the affiant, as well as the signature and seal of this court.

Finally, the claimants contend, "[t]he persons who took the property failed to produce, provide, evidence, or leave a warrant with the persons from whom the property was taken, (Docket No. 4, ¶3 (Stuart); Docket No. 5, ¶10 (Merkel); see also Docket No. 7, ¶14 ("[T]he persons who took the property did not give the Undersigned, or anyone else, a copy of a warrant when the persons took the property.") (Dobson)). In response, the government provided an affidavit of IRS, Criminal Investigation Division Special Agent Matthew Rech ("Rech"), wherein he avers that prior to searching the target premises, he provided a copy of the warrant, along with its attachments, to Beverly Schlipp ("Schlipp"), who identified herself as one of the owners of New Age Chemical. (Docket No. 10.) The claimants' statements are not sufficient to rebut the affidavit of Special Agent Rech. Notably, the claimants have failed to produce a rebuttal affidavit of Schlipp, the person who has the most direct personal knowledge since she is the one to whom the agent gave the warrant. The claimants' own statements are insufficient to establish that a copy of the warrant was not left with anyone at the target premises. Even if this court were to find that a procedural deficiency, such as failing to produce a warrant or to provide an inventory, occurred, the court is not persuaded this

4

fact would necessarily merit the return of any seized property. C.f. Hudson v. Michigan, 547 U.S. 586, 601 (2006).

Having rejected the claimants' contentions that the court lacked jurisdiction over the property to be searched or the warrant was otherwise invalid, the next question to address is whether it is reasonable for the government to retain the property. The claimants have failed to present any argument that retention of certain property is unreasonable, and the court has been informed that the government has returned certain property to the claimants. Accordingly, the court shall deny the claimants' motions for the return of property.

Finally, in regard to the motions for return of property, the government contends that neither Stuart nor Merkel are even able to bring these motions since they have failed to establish that they are "aggrieved" persons as required by Rule 41(g). The government contends that they must establish some ownership interest in the property seized. Both Stuart and Merkel disagree. Interestingly, neither one sets forth any property interest reasons as to why they qualify as "aggrieved" persons; the most the court can discern is that they work at New Age Chemical. As for Dobson, in his motion, he says he leases office space from New Age Chemical. In light of the court's conclusion that the property need not be returned, the issue of whether or not the claimants are "aggrieved" for purposes of Rule 41(g) need not be reached.

Stuart has also filed what he has captioned as "Motion to Strike Government's Response to Motions for Return of Property." (Docket No. 13.) The court finds this motion to be frivolous and denies it as such. However, to the extent that this motion and the accompanying memorandum may be regarded as presenting additional arguments as to why the claimants' motions for the return of property should be granted, the court has considered these filing in reaching its decision in this matter. Finally, Stuart has filed a motion captioned as "Motion to Compel the Government to

Establish the Law and the Authority to Act." (Docket No. 17.) Again, the court regards this motion as frivolous and denies it as such.

**THEREFORE, IT IS HEREBY ORDERED** that Stuart's motion to reassign this case to an Article III judge, (Docket No. 8), is **denied**.

**IT IS FURTHER ORDERED** that Stuart, Merkel, and Dobson's motion for the return of property, (Docket Nos. 4, 5, 7, respectively), are **denied**.

**IT IS FURTHER ORDERED** that Stuart's motion to strike, (Docket No. 13), is **denied**.

**IT IS FURTHER ORDERED** that Stuart's motion to compel, (Docket No. 17), is **denied**.

Dated at Milwaukee, Wisconsin this 29th day of May 2009.

s/AARON E. GOODSTEIN
U.S. Magistrate Judge