# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**In the Matter of the Search of:**

**3765 Kettle Court East,
Delafield, Wisconsin**

Case No. 09-M-25

# ORDER DENYING MOTION

On February 17, 2009, this court issued a warrant authorizing law enforcement to search the business premises of New Age Chemical, located at 3765 Kettle Court East, Delafield, Wisconsin. (Docket No. 2.) This search warrant was executed on February 19, 2009. (Docket No. 2.) The executed warrant and an inventory of the items seized were returned to this court on February 25, 2009. (Docket No. 2.) The same day, this court issued an order sealing for six months the inventory and the affidavit filed in support of the search warrant. (Docket No. 3.)

Subsequently, three individuals, James Arthur Stuart, Jr. ("Stuart"), Joseph David Merkel ("Merkel"), and Michael Charles Dobson ("Dobson"), filed various motions and documents through which they ultimately sought the return of the property seized by law enforcement pursuant to the search warrant. (See Docket Nos. 4, 5, 7, 12, 13, 14, 15, 17, 18.) On May 29, 2009, this court denied those motions. (Docket No. 20.)

On July 6, 2009, Stuart filed a document titled "Refusal for Fraud and Cause of May 29, 2009 Purported Order of Magistrate Goodstein." (Docket No. 21.) On July 30, 2009, Stuart filed a document entitled "Motion for Determination of Jurisdiction," (Docket No. 22-2), as well as a brief in support, (Docket No. 23). In his brief in support, Stuart quotes lengthy passages of various documents which he contends support his position that his property was seized illegally and that the

jurisdiction of the court "must be unequivocally established before the court can proceed." Further, Stuart has, unilaterally, attempted to schedule a hearing on his motion. He stated

> Please take Notice that on the 21st day of August, 2009, at the United States court house, Room 258, located at 517 East Wisconsin Avenue, Milwaukee, Wisconsin, at 2:30 p.m. in the afternoon before the Honorable Aaron Goldstein [sic], the Undersigned will move the court for an order determining the status on the grounds set forth in the brief attached hereto and fully incorporated herein by reference thereto, pursuant to FRCP Rule 78; *"Unless local conditions make it impracticable, each district court shall establish regular times and places, at intervals sufficiently frequent for the prompt dispatch of business, at which motions requiring notice and hearing may be heard and disposed of; but the judge at any time or place and on such notice, if any, as the judge considers reasonable may make orders for the advancement, conduct, and hearing action. To expedite its business, the court may make provisions by rule or order for the submission and determination of motions without oral hearing upon brief written statements of reasons in support and oppositions."*

(Docket No. 22 at 1-2) (emphasis in original).

Hearings are scheduled at the discretion of the court—not a party. The Federal Rule of Civil Procedure quoted by Stuart has been amended and is no longer in force. The current Rule, in its entirety, reads as follows:

> Rule 78. Hearing Motions; Submission on Briefs
>
> (a) Providing a Regular Schedule for Oral Hearings. A court may establish regular times and places for oral hearings on motions.
>
> (b) Providing for Submission on Briefs. By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings.

This court does not follow the practice of utilizing a "Motion Day." As stated in the Local Rules of this district as well as this court's own Special Instructions for Litigants, both of which are available on the Eastern District of Wisconsin's website, http://www.wied.uscourts.gov, oral argument shall occur only at the discretion of the presiding judge. See Civil L.R. 7.1(e) ("Oral argument, if deemed appropriate, may be scheduled at the discretion of the judicial officer."); Special Instructions for Litigants ("Oral argument is set at the court's discretion. Most motions are decided on briefs.").

2

A review of the brief in support of Stuart's pending motion demonstrates that it is basically a restatement of his contention that this court lacks jurisdiction to issue the search warrant he challenges. The court has already denied his motion for the return of property, stating that Stuart's arguments suggesting that the court lacked jurisdiction to issue the search warrant at issue or to search the subject property were "misguided and meritless." (Docket No. 20 at 3.) Federal Rule 41(b)(1) empowers this court to issue search warrants for any property within this district. Delafield is located in Waukesha County and Waukesha County is located in the Eastern District of Wisconsin. See 28 U.S.C. § 130(a). (Docket No. 20 at 3-4.) Nothing further would be gained by revisiting or reconsidering Stuart's arguments.

**IT IS THEREFORE ORDERED** that Stuart's "Motion for Determination of Jurisdiction," (Docket No. 22), is **denied**. **There shall be no hearing on this motion.**

Dated at Milwaukee, Wisconsin this 5th day of August 2009.

s/AARON E. GOODSTEIN
U.S. Magistrate Judge
